RECEIVED
SEP 3 0 2010
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

FILED
SEP 3 0 2010
DAVID CREWS, CLERK
BY _____ DEPUTY



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ERNEST DALE IRVIN**                                                         **PLAINTIFF**

**VERSUS**                                                       NO. 3:10cv094-M-A

**TAKE CARE HEALTH MISSISSIPPI, P.C.,
SUE MORRISSON, FNP,
JENNIFER DAVIS, M.D.,
TOYOTA MOTOR MANUFACTURING MISSISSIPPI, INC.,
AND JOHN DOES 1 - 5**                                          **DEFENDANTS**

## C O M P L A I N T

COMES NOW, Plaintiff, Ernest Dale Irvin, through counsel, and for this, his Complaint, would show unto the Court as follows, to-wit:

I.

The Plaintiff, Ernest Dale Irvin, is an adult resident citizen of Hueytown, Alabama.

II.

Defendant, Take Care Health Mississippi, P.C., is an Professional Corporation organized and existing under the laws of the State of Mississippi, who may be served with process of this Court c/o Corporation Service Company, 506 S. President St., Jackson, MS 39201.

III.

Defendant, Sue Morrisson, is a certified family nurse practitioner, and a resident of 1652 County Rd. #32, Etta, MS 38627, Mississippi.

IV.

Defendant, Jennifer Davis, M.D., is a resident of Union County, Mississippi and may be served with process at 1300 Sunset Drive, Suite R, Grenada, Mississippi, 38901.

V.

The Defendant, Toyota Motor Manufacturing Mississippi, Inc., is a corporation organized and existing under the laws of the State of Mississippi, who may be served with process of this Court by service upon its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232.

VI.

John Does 1 - 5 are unknown person or persons who may be identified through discovery and whose residences are not currently known.

VII.

All acts complained of herein occurred in Union County, Mississippi and the venue is therefore proper in this federal district court and division. Additionally, diversity of citizenship exists among all parties hereto.

VIII.

Plaintiff has complied with the Notice Letter requirements of Miss. Code Ann. §15-1-36 to the applicable defendants, as well as Miss. Code Ann. §11-1-58 with the certificate affixed hereto, and Miss. Code Ann. §11-1-59.

**FACTS**

IX.

The Plaintiff suffered a stroke on August 14, 2008, while at work at the Toyota plant construction site, in Union County, Mississippi. Plaintiff was told by his superiors or persons employed by Toyota Motor Manufacturing Mississippi, Inc., that he had to be examined by the on-site nurse at the nursing station/trailer.

X.

Upon information and belief this nursing station, also known as the "TMMMS Convenience Care Clinic," was owned and operated by Defendant, Take Care Health Mississippi, P.C., and its employee Sue Morrisson, CFNP.

XI.

On the date complained of herein, Mr. Irvin presented to the nurse's station at the Toyota plant worksite [the TMMMS Convenience Care Clinic] at approximately 10:00am after suffering uncontrollable crying and weakness in his face. Mr. Irvin first experienced problems in the morning sometime around 9:30am. Mr. Irvin was treated by a nurse practitioner, namely Sue Morrisson. Nurse Morrisson's provided a prescription for Ativan and advised the Plaintiff to get it filled. Mr. Irvin went back to his hotel room to rest while his friend went to a nearby Walmart to fill the prescription. Upon return, the friend found Mr. Irvin in a distressed state and rushed him to the hospital whereupon he was finally correctly diagnosed with a stroke. At no point did Nurse Morrisson ever advise the Plaintiff to go to the hospital.

XII.

Nurse Morrisson's notes specifically state that Dr. Jennifer Davis "authorized" the said prescription, and therefore Dr. Davis is responsible for the negligent medical and nursing care rendered to the Plaintiff.

XIII.

The failure to diagnose the stroke referenced herein and due to the lapse in time, the hospital physicians were unable to safely administer TPA or such other "clot busting" treatment which resulted in additional damages, complications, pain and suffering to the Plaintiff.

XIV.

The treatment of the Plaintiff by the Defendants in this matter was negligent and fell below the standard of care for the following reasons:

a. failing to properly observe, treat, administer, monitor, examine and diagnose Ernest Dale Irvin;

b. failing to follow the proper nursing and medical procedures and techniques, and the resultant deviation from the standard of care;

c. failing to properly mitigate the damages caused by failing to properly diagnose;

d. failing to timely diagnose and transfer Ernest Dale Irvin to the appropriate facility;

e. res ipsa loquitur;

f. respondeat superior;

g. inadequate training of personnel;

h. inadequate supervision of personnel;

i. negligent selection of staff;

j. negligent failure to supervise staff; and

k. other acts and omissions that will be revealed during discovery.

XV.

Take Care Health Mississippi, P.C., Toyota Motor Manufacturing Mississippi, Inc. and/or any other employer of Ms. Morrisson or Dr. Davis may be responsible on the basis of *respondeat superior* or negligent hiring. Ms. Morrisson and/or Dr. Davis may also be liable in their individual capacities for the aforementioned negligence.

XVI.

Toyota Motor Manufacturing Mississippi is liable, independently, for negligent hiring of Take Care Health Mississippi, P.C., and/or Sue Morrisson, and for failure to permit the Plaintiff to leave the premises to obtain proper medical treatment, and/or false imprisonment.

XVII.

As a direct and approximate result of the aforementioned negligence, Mr. Irvin has incurred medical, drug and other related expenses and it is reasonably certain that he will incur future medical expenses. Further, Mr. Irvin has been caused to endure pain and suffering, mental and emotional distress, loss of wages and wage earning capacity, all of which he will suffer more of in the future, together with such other injuries and damages as may be identified at trial and through discovery.

WHEREFORE, premises considered, Plaintiff prays this Court for a judgment in his favor and against the Defendants, in an amount that exceeds the minimum jurisdictional amount of this Court required to maintain an action based on diversity, but that is fair and reasonable, together with such other relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,
CHAPMAN, LEWIS & SWAN, PLLC
Attorneys for Plaintiff
501 First Street
Post Office Box 428
Clarksdale, MS 38614
(662) 627-4105

By: _____
Ralph E. Chapman, MSB # 5962

_____
J. Harland Webster, MSB# 102458

**PLAINTIFF REQUESTS TRIAL BY JURY**

## **CERTIFICATION OF EXPERT CONSULTATION**

COMES NOW this day, the undersigned counsel of record, and pursuant to Section 11-1-58 of the Mississippi Code, does hereby certify the following:

1. I have reviewed the facts of this case and we have consulted with an expert who is qualified, pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence, to give expert testimony as to standard of care or negligence, and who is knowledgeable in the relevant issues involved in this action; and

2. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

THIS, the 30th day of September, 2010.

CHAPMAN, LEWIS & SWAN, PLLC
Attorney for Plaintiffs
Post Office Box 428
Clarksdale, MS 38614
(662) 627-4105

By: _____
Ralph E. Chapman, MSB #5962
J. Harland Webster, MSB# 102458